61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Laverne L. DAVIS, Defendant-Appellant.
 No. 95-1090.
 United States Court of Appeals, Seventh Circuit.
 Argued June 14, 1995.
Decided July 25, 1995.
 
 Before COFFEY, MANION, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 LaVerne Davis was a twenty-year employee of the United States Internal Revenue Service and at the relevant time in this case, a revenue officer. She was found guilty of soliciting a bribe, a violation of 18 U.S.C. Sec. 201(b)(2)(A).
 
 
 2
 As a revenue officer, Davis was negotiating a payment plan with wealthy stockbroker who owed back taxes exceeding $140,000, plus interest and penalties. (Tr. 110). Davis had constructed an installment plan for the taxpayer, but asked the taxpayer to visit her office for further discussions about his case. During the course of this visit, Davis passed the taxpayer a note stating "this will explain my situation," then left the room. (Tr. 101). The note read:
 
 
 3
 What I'm proposing is highly unethical but I'm in a jam too! ...
 
 
 4
 I'll need a letter from you requesting that penalties be abated because of marital problems which prohibited you from filing timely because mail and documents were withheld by your spouse and her acct., etc. The worse your story sounds the more I can abate.
 
 
 5
 The computers are down now but I'll be checking periodically today to give a figure on the penalties, I'm sure of the exact amount of interest that will be abated. (The penalties on 1990 are $17,725.51) and your installment agreement could start in July. In exchange for this, would you be willing to advance me $2500 to $4,000 to help me out of my situation? (Exh. 1).
 
 
 6
 The taxpayer turned her in and testified for the prosecution. The prosecution introduced voluminous impeachment evidence against Davis concerning misrepresentations on her own tax returns. (Tr. 177-95). In her defense, Davis stipulated to writing the note, but testified that when she asked the taxpayer to "advance" her the money, she was asking for a loan, not a bribe. Davis also offered explanations for other statements in the note, such as "what I'm proposing is highly unethical," "the worse your story sounds the more I can abate" and "in exchange for this" (Tr. 169-74). Davis testified that she did not know that her request could be illegal, despite her concession that she took bribery awareness training from the IRS. (Tr. 207).
 
 
 7
 During closing rebuttal argument, the prosecutor reminded the jury that "[y]ou have to determine whether we proved the defendant guilty beyond a reasonable doubt." The prosecutor also said to the jury:
 
 
 8
 The government of the United States gave her as a public official awesome power, and she had a public trust to exercise it according to the law. And what did she do? She decided to try and use her awesome power--not only do they have the power to take things, but they have the power to give things back, such as abatements--to put that abatement into the system and, as [the taxpayer] testified, she said have somebody else sign it off when the supervisor was gone. She had used that awesome power to try and benefit herself personally. And that, quite frankly, is offensive, and you should let her know and let anybody else who is in her position and attempted to do the same, that you won't stand for it. (Tr. 237).
 
 
 9
 Defense counsel's objection to the "argument concerning letting people know" was overruled. (Tr. 237). Immediately after the trial court's ruling, the prosecutor stated "I ask you to go back and review the evidence and return a verdict that is consistent with that evidence and that is a verdict of guilty." (Tr. 238).
 
 
 10
 Davis argues on appeal that the prosecutor improperly inflamed the jury's passion and encouraged it to reach a guilty verdict for reasons other than the defendant's guilt. On this basis, Davis asks us to remand her case for a new trial.
 
 ANALYSIS
 
 11
 Prosecutors may not invite conviction for purposes of sending a message rather than because the defendant was guilty beyond a reasonable doubt. United States v. Severson, 3 F.3d 1005, 1014 (7th Cir.1993). Of the argument that the defendant protests on appeal, we see only a single phrase that may be objectionable: "and that, quite frankly, is offensive, and you should let her know and let anybody else who is in her position and attempted to do the same, that you won't stand for it."
 
 
 12
 Allegations of prosecutorial misconduct, such as improper argument, are reviewed in two parts. First we consider if the statement, standing alone, is improper. If it is, then we consider five factors: 1) the nature and seriousness of the statement; 2) whether the statement was invited by the conduct of defense counsel; 3) whether the district court sufficiently instructed the jury to disregard such statements; 4) whether the defense could counter the improper statement through rebuttal; and finally, 5) whether the weight of the evidence was against the defendant. Severson, 3 F.3d at 1014; United States v. Badger, 983 F.2d 1443, 1450 (7th Cir.1993). We will reverse only if the prosecutor's statement was not harmless beyond a reasonable doubt.
 
 
 13
 Even if the statement was improper (we do not hold that it was), the five-part analysis given in Severson weights against Davis. First, the statement was a single phrase of which only one part ("... and let anybody else who is in her position and attempted to do the same ...") was objectionable. The statement was not serious nor was it particularly inflammatory. Moreover, the statement was sandwiched between the prosecutor's comments reminding the jury of the government's burden of proof and to consider the evidence and apply the law to that evidence. Those admonitions diffused any inflammatory effect of the prosecutor's allegedly improper statement. In addition, the district court instructed the jury about what constitutes evidence (Tr. 240), and that the closing arguments were for the purpose of discussing the evidence and nothing more. (Tr. 239). We trust that juries follow the instructions given to them by the district court. Severson, 3 F.3d at 1015; Badger, 983 F.2d at 1456.
 
 
 14
 Finally, the weight of the evidence against Davis was overwhelming. Davis' explanations for her statements in the note were incredible. The prosecution further diminished Davis' credibility by presenting six years of tax returns in which Davis under-reported her taxes through misstatements concerning dependents, deductions, and income. The note itself, to which Davis stipulated, was damning. Although we have no indication that the prosecutor's comment was invited by the defense, or that the defense had an opportunity to counter the statement through rebuttal, this is not enough to overcome the other factors. The statement was brief and the trial evidence was significant. We have thoroughly reviewed the trial transcripts and record in this case and believe that any error that may have resulted from the prosecutor's statement was harmless beyond a reasonable doubt.
 
 
 15
 AFFIRMED.